THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| SHAWN R. WASHBURN | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:05-CV-774 RM |
| | ) | (Arising from 3:03-CR-17(01)RM) |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

OPINION AND ORDER

The court denied Shawn Washburn's petition filed pursuant to 28 U.S.C. § 2255 based in part on Mr. Washburn's waiver, in his plea agreement, of his right to file a habeas petition, and in part on the court's finding that he couldn't succeed on a claim of ineffective assistance of counsel regarding his attorney performance at his suppression hearing. He has filed a timely notice of appeal of that order and is before the court asking that a certificate of appealability be issued and that he be permitted to proceed in forma pauperis on his appeal.

Issuance of a certificate of appealability requires the court to find that Mr. Washburn has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This means he must "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'" <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n. 4 (1983). Federal Rule of Appellate Procedure 24(a)(3) provides that a financially indigent person may be permitted to proceed on appeal *in forma pauperis* unless the court

"certifies that the appeal is not taken in good faith." In other words, the court must determine "that a reasonable person could suppose that the appeal has some merit." Walker v. O'Brien, 216 F.3d 626, 632 (7th Cir. 2000).

Mr. Washburn's habeas petition challenges both his conviction and sentence on several grounds. He says his counsel was ineffective (1) "in failing to interview the government informant whose name and whereabouts were given to him prior to the suppression hearing in this case," (2) "in failing to object to the reference of the informant's testimony or information by agents who testified at the suppression hearing where the informant was not cross-examined," (3) "in failing to argue against the enhancement that stemmed from the quantity of drugs used for sentencing," (4) "in failing to argue that Petitioner was entitled to a 2-levels reduction under the safety valve," and (5) "in entering into a plea agreement with 'waiver provisions' pertaining to sentencing when he had failed to properly challenge the manner in which [the] sentence would be imposed."

The waiver clause in his plea agreement provides, "I expressly waive my right to appeal my sentence on any ground . . . I also agree not to contest my sentence or the manner in which it was determined on any ground in any post-conviction proceeding," specifically including a petition under § 2255. The agreement, however, is silent as to a waiver of a challenge to his underlying conviction, so it doesn't foreclose collateral attacks outside of sentencing issues. *Cf.* Bridgeman v. United States, 229 F.3d 589, 591-592 (7th Cir. 2000).

2

Mr. Washburn claims that his counsel was ineffective in negotiating his plea agreement, because he wouldn't have entered into the agreement had his counsel not assured him he wouldn't receive more than ten years. He hasn't shown a debatable issue as to this claim. During Mr. Washburn's plea colloquy, he acknowledged that he had read the plea agreement and understood its implications. The court asked him if he understood that he faced a mandatory minimum sentence of ten years if he lost his motion to suppress. Mr. Washburn replied twice that he understood. The court also explained to Mr. Washburn that "nobody can tell you, other than the mandatory minium and the maximum, exactly what the sentence will be . . . ." Based on his statements in open court, no reasonable jurist could find Mr. Washburn wasn't aware of the consequence of his guilty plea despite counsel's alleged predictions, so nothing in the record suggests his plea was unwitting or involuntary, or that he has suffered any prejudice as a result of his counsel's performance. Bridgeman v. United States, 229 F.3d at 592.

Mr. Washburn also advances two claims that his counsel was ineffective at sentencing, but he waived these arguments in his plea agreement, so he hasn't made a substantial showing of the denial of a constitutional right under these claims. *See, e.g.,* Jones v. United States, 167 F.3d 1142, 1145 (7th Cir. 1999) ("[T]he right to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver.")

Mr. Washburn's objections to his counsel's performance at his suppression hearing goes to his conviction, so the court previously addressed the merits of these claims. To succeed on his claim of ineffective assistance of counsel, Mr. Washburn must show his attorney's performance at the suppression hearing was "objectively unreasonable or deficient and that he was prejudiced as a result." Eckstein v. Kingston, 460 F.3d 844, 849 (7th Cir. 2006) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). "Even if counsel's performance was deficient, a petitioner must also show that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different,' meaning 'a probability sufficient to undermine confidence in the outcome.' " Eckstein v. Kingston, 460 F.3d at 849 (quoting Strickland v. Washington, 466 U.S. at 694)). "In weighing the effect of counsel's errors, the court must consider the totality of the evidence before the judge." Id. (quoting Hough v. Anderson, 272 F.3d 878, 891 (7th Cir. 2001)).

Mr. Washburn has shown a debatable issue as to whether he received effective assistance of counsel at his suppression hearing. Mr. Washburn says his counsel was ineffective in failing to interview or call David Morgan, a cooperating informant whom he alleges could've provided testimony that would've negated probable cause. The court concluded that "[t]he testimony Mr. Morgan would have given wouldn't negate probable cause to search Mr. Washburn's vehicle, so Mr. Washburn cannot show he suffered any prejudice by any alleged failure to call Mr. Morgan at the suppression hearing." Because probable cause is a fact-intensive

4

inquiry, a reasonable jurist could differ at whether Mr. Washburn's Sixth Amendment right to effective assistance of counsel was violated, so the court grants his request for certificate of appealability as to this claim.

Mr. Washburn also claims his counsel was infective in failing to object to out-of-court statements used against him during the suppression hearing. He says certain officers' testimony as to the confidential informant's statement violates the confrontation clause of the 6th Amendment, and in support of his argument he cites Crawford v. Washington, 541 U.S. 36 (2004). This court concluded that Crawford v. Washington doesn't apply to a pre-trial suppression hearing, but even if a reasonable jurist could differ on this conclusion, an argument based on Crawford cannot be the basis for an ineffective counsel claim because that case hadn't been decided before Mr. Washburn's suppression hearing. *See* Lilly v. Gilmore, 988 F.2d 783, 786 (7th Cir. 1993) ("The Sixth Amendment does not require counsel to forecast changes or advances in the law.")

Because Mr. Washburn has made substantial showing of the denial of a constitutional right, the court also finds that a reasonable person could suppose that the appeal has some merit. Walker v. O'Brien, 216 F.3d at 631-632 (standard for obtaining certificate of appealability is more demanding than standard for determining whether appeal was in good faith). Still, Mr. Washburn retained counsel in his underlying criminal case and hasn't asserted by affidavit or otherwise that his current financial status prohibits him from paying the costs

5

associated with the appeal of his habeas petition, nor has he submitted a certified copy of his trust fund account statement. *See* 28 U.S.C. § 1915(a)(1) & (2).

For the foregoing reasons, the petitioner's motion for a certificate of appealability pursuant to Fed. R. App. P. 22(b) is GRANTED in part. The court finds the issue of whether petitioner's counsel was ineffective in not calling Mr. Morgan at his suppression hearing satisfies the requirement of 28 U.S.C.A. § 2253(b). The court DIRECTS the clerk of the court to mail a copy of this order to the United States Court of Appeals for the Seventh Circuit.

The petitioner's motion to proceed *in forma pauperis* is DENIED WITHOUT PREJUDICE to his right to re-file this request accompanied by an affidavit and certified account statement as required by 28 U.S.C. § 1915.

SO ORDERED.

ENTERED:   February 27, 2007

　　　　　　　　　　　　　　　　　/s/ Robert L. Miller, Jr.
　　　　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　　　　United States District Court